IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CR-23-71-D |
| TATYANNA MARIE JOHNSON, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

This case is currently set for trial on the Court's August 8, 2023, jury trial docket. In light of Defendant Tatyanna Marie Johnson's pretrial motions [Doc. Nos. 52-54], which remain under advisement, the Court finds that the case should be continued to the September 12, 2023, jury trial docket. The pendency of Ms. Johnson's motions tolls the running of the time to commence a trial under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D).

Although Defendant Christopher Davis did not join Ms. Johnson's pretrial motions, 18 U.S.C. § 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." "The general rule under this provision is that all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant joined." *United States v. Cortes-Gomez*, 926 F.3d 699, 704-05 (10th Cir. 2019) (citing *United States v. Margheim*, 770 F.3d 1312, 1318–19 (10th Cir. 2014)). The purpose behind this exclusion "is to accommodate the efficient use of prosecutorial and judicial resources

in trying multiple defendants in a single trial." *Cortes-Gomez*, 926 F.3d at 705 (citation omitted). There is a "strong presumption favoring trying properly joined defendants together." *Id.* (citation omitted).

In determining whether a delay is reasonable, courts examine "all relevant circumstances." *Id.* (citation omitted). Specifically, courts look to three factors: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Id.* (internal quotation marks and citation omitted). In light of the foregoing factors, the Court finds that a delay in Mr. Davis's trial from August 8, 2023, to September 12, 2023, is reasonable. Although Mr. Davis is currently detained, he previously filed a motion to continue trial in this matter from the July 11, 2023, jury trial docket to the August 8, 2023, jury trial docket.[1] *See* [Doc. No. 88]. At this time, no severance has been ordered. For these reasons, the period of delay caused by continuing the trial setting of Mr. Davis to the September 12, 2023, trial docket is excludable for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that this case is **STRICKEN** from the August 8, 2023, jury trial docket and **RESET** on the September 12, 2023, jury trial docket. The deadline for filing any pretrial motions and notices of defenses is extended to August 22, 2023.

---

[1] Mr. Davis executed a waiver of his rights under the Speedy Trial Act for the accompanying period of requested delay. *See* [Doc. No. 88-1].

**IT IS SO ORDERED** this 28th day of July, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge