IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CR-23-71-D |
| ) | |
| TATYANNA MARIE JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Tatyanna Marie Johnson's Motion in Limine Re: Prior Alleged Drug Trafficking Trip [Doc. No. 134], to which the Government has responded [Doc. No. 140]. The matter is fully briefed and at issue.

### *Background*

Ms. Johnson was originally charged in a two-count indictment with drug conspiracy in violation of 21 U.S.C. § 846 and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). *See* Indictment [Doc. No. 1].[1] The charged conspiracy began on or about February 2, 2023 and ended on or about February 5, 2023. *Id.*

On September 5, 2023, Ms. Johnson was charged in a three-count superseding indictment. *See* Superseding Indictment [Doc. No. 139]. The superseding indictment

---

[1] Christopher Davis, Kanesha Gladney, and Anthony Allison have executed plea agreements with the government, leaving Ms. Johnson as the only remaining defendant proceeding to trial in this case. See A. Allison Plea Agreement [Doc. No. 109]; K. Gladney Plea Agreement [Doc. No. 115]; C. Davis Plea Agreement [Doc. No. 127].

includes the charged conspiracy, but expands the date range to on or about January 5, 2023 through on or about February 5, 2023. The superseding indictment also charges Ms. Johnson with interstate travel in aid of a drug trafficking enterprise in violation of 18 U.S.C. § 1952(a)(3). *Id.* The charges stem from two alleged drug trafficking trips between Illinois and California—one in early January 2023 and one in early February 2023. Ms. Johnson, along with the other Defendants, was arrested in Oklahoma City on February 5, 2023 on the way back to Illinois from California.

On August 30, 2023, the Court conducted a *James* hearing to determine the admissibility of certain out-of-court statements to be offered by the Government at trial as alleged coconspirator statements under FED. R. EVID. 801(d)(2)(E). On September 13, 2023, the Court found for the purposes of the *James* hearing that "Christopher Davis, Kanesha Gladney, Anthony Allison, and Tatyanna Johnson were members of a conspiracy as alleged in the superseding indictment, and that the conspiracy was formed on or about January 5, 2023 and continued through on or about February 5, 2023." *See* 9/13/2023 Order [Doc. No. 144] at 7-8. The Court further found that "the at-issue statements described in the government's Proffer and during the *James* hearing were made during the course of the conspiracy and fall within the categories of statements that would generally be considered in furtherance of that conspiracy." *Id.* at 8.

### *Standard of Decision*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41,

n.16 (1984) (citing FED. R. EVID. 103(c)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 Fed. App'x 337 (10th Cir. 2010) (internal quotations omitted).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007). In order to exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds[.] . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## *Discussion*

Ms. Johnson asserts that, "[a]bsent credible evidence that [she] was aware of the purpose of the January 2023 California trip, evidence regarding it is irrelevant to prove

3

knowledge, intent, plan or absence of mistake." Def.'s Mot. in Limine at 3. Therefore, Ms. Johnson argues, "evidence of the January 2023 trip *is not* being offered for a proper purpose under Fed.R.Evid. 404(b), and is therefore not relevant under Fed.R.Evid. 401." *Id.* (emphasis in original). Ms. Johnson also argues that the "probative value of evidence of the January 2023 trip is substantially outweighed by the danger of unfair prejudice under Rule 403." *Id.*

In response, the Government relies on the superseding indictment and states that, because "the January 2023 trip is part of conduct charged in Count 1 of the Superseding Indictment, the Government intends to present evidence thereon at trial." Gov't Resp. at 2. Ms. Johnson's motion, the Government argues, "is rendered moot." *Id.*

The Court agrees with the Government that Ms. Johnson's motion is moot as to her argument that evidence of the January 2023 trip is improper under Rule 404(b). Because the January 2023 trip is now part of the charged conspiracy, the Government need not rely on showing that the January 2023 trip is "any other crime, wrong, or act" "admissible for another purpose." *See* FED. R. EVID. 404(b)(1), (2).

But Ms. Johnson's motion also raises a Rule 403 argument in contending that "the probative value of evidence of the January 2023 trip is substantially outweighed by the danger of unfair prejudice." Def.'s Mot. in Limine at 3; *see also* FED. R. EVID. 403. Rule 403 is "an extraordinary remedy to be used sparingly." *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985) (quoting *United States v. Plotke,* 725 F.2d 1303, 1308 (11th Cir.)). Indeed, all unfavorable evidence is prejudicial, but Rule 403 should not be used as a tool to exclude merely prejudicial evidence. *See United States v. Flanagan*, 34

F.3d 949, 953 (10th Cir. 1994) ("[T]he unfair prejudice aspect of Rule 403 'cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.'") (quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1549 (10th Cir.1991)).

The probative value of evidence regarding Ms. Johnson's participation in the January 2023 trip—a trip now included in the charged conspiracy—is not substantially outweighed by the danger of unfair prejudice. There is no risk that the evidence would "be misleading" or "not aid and assist the jury in making a material determination" as to the charged conspiracy. *See id.* The Court, therefore, rejects Ms. Johnson's Rule 403-based argument.

## *Conclusion*

For these reasons, the Court finds that Ms. Johnson's motion should be denied.

**IT IS THEREFORE ORDERED** that Defendant Tatyanna Marie Johnson's Motion in Limine Re: Prior Alleged Drug Trafficking Trip [Doc. No 134] is **DENIED.**

**IT IS SO ORDERED** this 2nd day of October, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge